[Cite as *State v. Stockbridge*, 2018-Ohio-4808.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CITY OF ALLIANCE | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2018 CA 00103 |
| STEVEN WENDELL STOCKBRIDGE | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Alliance Municipal
                                 Court, Case No.  2018 CRB 00783


JUDGMENT:                        Reversed and Vacated


DATE OF JUDGMENT ENTRY:          December 3, 21018


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CAITLYN R. SCHNEIDER                      LATHAN J. LIPPERMAN
JENNIFER ARNOLD                           3360 Tremont Road
ANGELIQUE RUHL                            Suite 230
LAW DIRECTOR'S OFFICE                     Columbus, Ohio  43221
470 East Market Street
Alliance, Ohio  44601

*Wise, John, P. J.*

**{¶1}** Appellant Steven Wendell Stockbridge appeals his conviction on one count of violating Alliance Municipal Ordinance §1-765.03.

**{¶2}** Appellee is the City of Alliance.

STATEMENT OF THE FACTS

**{¶3}** For purposes of this Opinion which has been assigned to the accelerated docket, the relevant facts and procedural history are as follows:

**{¶4}** On June 9, 2018, Appellant Steven Wendell Stockbridge was standing on the sidewalk outside of the public library collecting signatures for an initiative - petition concerning a proposed amendment to the Ohio Constitution concerning reduced medical costs of dialysis for children. (T. at 20-24). Appellant was approached by Officer Cook, who asked him if he had secured a permit to collect signatures. Appellant told Officer Cook that he was advised by an attorney that he was not required to have a permit pursuant to the First Amendment. *Id.*

**{¶5}** Appellant was issued a citation charging him with violating Alliance City Ordinance §1.765.03 <u>Permit, Registration, License Required Solicitation</u> for "knowingly solicit[ing] signatures within the City of Alliance without a valid permit".

**{¶6}** On June 11, 2018, Appellant appeared for his arraignment and entered a plea of "not guilty".

**{¶7}** On June 11, 2018, shortly after his arraignment, Appellant was again standing on the sidewalk collecting petition signatures, this time outside of the Alliance Police Department, when he was approached by Lieutenant William Morris. Lt. Morris asked Appellant if he had a permit to collect the signatures, to which Appellant replied

that he did not. (T. at 25-26).

{¶8}   Appellant was issued a citation charging him with violating Alliance City Ordinance §1.765.04 for "soliciting a residential neighborhood w/out a permit, on sidewalk, public."

{¶9}   On July 2, 2018, a bench trial on both violations commenced in this matter.

{¶10} At trial, the court heard testimony from Officer Amabeli, Officer Cook, Lieutenant Morris and Appellant, who represented himself.

{¶11} Officer Cook testified that on June 9, 2018, he observed Appellant collecting signatures on public property, on the sidewalk, and that he did not have a permit from the City of Alliance.

{¶12} Lt. Morris testified than on June 11, 2018, he observed Appellant speaking with Detective Minich outside of the police station. (T. at 26). Shortly thereafter he received a call from Det. Minich advising him that Appellant had solicited him to sign his petition. *Id.* Lt. Morris located Appellant outside of the station, on the sidewalk, and when he inquired as to whether Appellant had a permit to solicit signature in the City of Alliance, Appellant told him that he did not. (T.at 26, 28).  He further testified that Appellant told him that he worked for a company which paid him to collect the signature. (T. at 27).

{¶13} Both Officer Cook and Lt. Morris testified that a permit is required to solicit or petition for signatures within the City of Alliance. (T. at 23, 28).

{¶14} At the conclusion of the bench trial, the trial court found Appellant guilty of violating both ordinances. The trial court imposed a fine of $100 on each offense and ordered the fine reduced to $50 for each offense if Appellant obtained a permit to solicit or provided proof of exemption under the ordinances.

{¶15} Appellant now appeals, raising the following errors for review:

ASSIGNMENTS OF ERROR

{¶16} "I. THE TRIAL COURT ERRED IN CONVICTING APPELLANT OF A LAW WHICH DOES NOT EXIST, THEREBY DENYING APPELLANT SUBSTANTIVE DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶17} "II. APPELLANT'S CONVICTION FOR VIOLATING ALLIANCE MUNICIPAL ORDINANCE §1-765.03 WAS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3, OF THE OHIO CONSTITUTION.

{¶18} "III. APPELLANT'S CONVICTION FOR VIOLATING ALLIANCE MUNICIPAL ORDINANCE §1-765.03 VIOLATED AMENDMENTS ONE AND FOURTEEN TO THE UNITED STATES CONSTITUTION."

**I., II.**

{¶19} For ease of discussion, we shall address Appellant's first and second assignments of error together.

{¶20} In his first assignment of error, Appellant argues that he was convicted of violating a law which does not exist. In his second assignment of error, he argues that his conviction was not supported by the manifest weight or sufficiency of the evidence. We agree.

{¶21} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after

viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶22} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). *See also*, *State v. Thompkins*, 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶23} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 237 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flicking*, 77 Ohio St.3d 415, 418, 1997–Ohio–260, 674 N.E.2d 1159.

{¶24} As set forth above, Appellant was charged with and convicted of violating Alliance City Ordinance 765.03 PERMIT, REGISTRATION, LICENSE REQUIRED SOLICITATION. However, upon review, we find that the title of Alliance City Ordinance §765.03 to be "FOR PROFIT SOLICITATION PROHIBITED IN RESIDENTIAL ZONES", which provides as follows:

"Solicitation" shall not permit the transient conduct of for profit commercial business in residential zones by the sale of merchandise or products which would otherwise be confined to commercial zones by the City Zoning Ordinance, including, but not limited to, sales of furniture from motor vehicles; sales of mirrors, paintings or works of art from pick up trucks or motorized vehicles; for profit sales from any type of motor vehicle of any product otherwise required to be sold from commercial establishments, such as sea food, baked goods, candies or other similar items. Commercial for-profit solicitation in residentially zoned neighborhoods is prohibited.

**{¶25}** This Court could find no Alliance Codified Ordinance titled PERMIT, REGISTRATION, LICENSE REQUIRED SOLICITATION.

**{¶26}** The City of Alliance argues that while the title of the Ordinance was incorrect, due to a clerical error, the code section and the body of the law of AOC §765.03 is correct.

**{¶27}** Upon review, we do not find that the record supports a conviction under AOC §765.03, as Appellant was not engaged in "conduct of for profit commercial business" as contemplated by the ordinance. Appellant was not "selling" merchandise or products.

**{¶28}** While the City focuses on the fact that Appellant was ultimately paid by a third party for the signatures collected, such arrangement does not transform the act of petitioning citizens for signatures on a ballot-initiative into a for-profit commercial sales transaction.

**{¶29}** Finally, we find that the Alliance Codified Ordinance defines "solicitation" as follows:

(a) For the purpose of this chapter "solicit" and "solicitation" means an unsolicited, person to person request, occurring on private property, without invitation, of money, credit, property, financial assistance or other thing of value on the plea or representation that the money, credit, property, financial assistance or other thing of value will be used for any purpose.

(b) "Solicit" and "solicitation" also mean and include the following methods of securing money, credit, property, financial assistance or other thing of value on the plea or representation that it will be used for such purposes as herein defined: the unsolicited, person-to-person offer, attempt to sell or sale of, any advertisement, advertising space, book, card, chance, coupon, device, magazine membership, subscription, ticket or other product in connection with which any appeal is made, which occurs on private property without invitation, for any purpose or where the name of any person is used or referred to in any such appeal as an inducement or reason for making any statement is made that the whole or any part of the proceeds from any such sale will go or be donated to any charitable, religious, public purpose, or other not for profit non-commercial purposes. The Mayor or Police Chief may require individuals to disclose the foundation upon which they claim a nonprofit exempt status hereunder.

**{¶30}** The testimony at trial established that Appellant was on a public sidewalk outside of a public library, not on private property.

**{¶31}** Further, nowhere in the ordinance does it refer to a permit, license or registration requirement.

**{¶32}** Taken together, we find that the City failed to prove that Appellant was engaged in for-profit commercial business on private property, and that his conviction was against the manifest weight and sufficiency of the evidence.

**{¶33}** Appellant's first and second assignments of error are sustained.

### III.

**{¶34}** In his third assignment of error, Appellant argues that his conviction violated his First and Fourteenth Amendment rights under the United States Constitution.

**{¶35}** Based on our disposition of Assignments of Error I and II, we will refrain from addressing Appellant's third assignment of error.

**{¶36}** For the reasons stated in the foregoing opinion, we hereby reverse the decision of the Alliance Municipal Court, and Appellant's conviction under Alliance Codified Ordinance §765.03 is vacated.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

.

JWW/d 1116